LYNNE C. HERMLE (State Bar No. 99779)
JOSEPH C. LIBURT (State Bar No. 155507)
CHRISTIAN N. BROWN (State Bar No. 233147)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:   (650) 614-7400 Fax: (650) 614-7401

Attorneys for Defendants
SEARS HOLDINGS CORPORATION and SEARS,
ROEBUCK AND CO.

LOUIS M. MARLIN (State Bar No. 54053)
STANLEY D. SALTZMAN (State Bar No. 90058)
MARLIN & SALTZMAN
3200 El Camino Real, Suite 100
Irvine, CA 92602
Telephone: (714) 669-4900 Fax:  (714) 669-4750

MARCUS J. BRADLEY
SCHWARTZ, DANIELS AND BRADLEY
29229 Canwood Street, Suite 208
Agoura Hills, CA 91301
Telephone: (310) 478-5838 Fax:  (310) 478-1232

PETER M. HART
LAW OFFICES OF PETER M. HART
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789 Fax:  (310) 561-6441

Attorneys for Plaintiff TRACY COUGHLIN and
PROPOSED CLASS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY COUGHLIN, as an individual and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>        v.<br><br>SEARS HOLDINGS CORPORATION, a corporation; SEARS, ROEBUCK AND CO., a corporation,<br><br>              Defendants. | Case No.  SACV 08-00015 CJC (RNBx)<br><br>**STIPULATION AND PROTECTIVE ORDER RE USE OF CONFIDENTIAL DOCUMENTS AND INFORMATION** |

1    Pursuant to Federal Rule of Civil Procedure 26(c), it is hereby

2    stipulated and agreed by and between the parties that the terms and conditions of

3    this stipulated protective order shall govern the handling of documents, answers to

4    interrogatories, depositions, pleadings, exhibits, and all other information

5    exchanged between the parties in this action that contains confidential, commercial,

6    financial, competitive, proprietary and/or personal information.  The parties hereby

7    submit the following stipulation and move the Court to approve the Stipulation as a

8    Protective Order.

9                                   **STIPULATION**

10    This case is a purported class action alleging that Defendants caused

11    accrued and unused vacation time to be forfeited by their employees, and that

12    Defendants improperly denied compensation for such forfeited vacation time in

13    violation of California law.  The parties anticipate that, given the nature of this case,

14    certain documents, things and information disclosed may constitute or contain trade

15    secrets, or other proprietary, private, or confidential information.  This information

16    may include, but is not limited to, (i) private personnel data of current and former

17    employees, (ii) compensation information, (iii) employee training materials, (iv)

18    confidential and proprietary business policies and procedures, and (v) confidential

19    agreements and/or documents related to the corporate structure of the Defendants.

20    Defendants consider such information confidential and proprietary, take reasonable

21    steps to protect the confidential nature of this information, and the public disclosure

22    of such information could place Defendants at a competitive disadvantage.

23    Thus, subject to and without waiving any objections any party may

24    have as to the discoverability of any information, and without waiving any

25    objections or legal claims any party may have (including but not limited to any

26    objections or legal claims arising out of the acquisition, retention, or other handling

27    of documents containing confidential or proprietary information), and solely for the

28    purpose of providing procedures for the handling and protection of "Confidential

1  Information" and "Highly Confidential Information" as defined herein, the parties
2  to this action hereby agree on the following procedures for handling such
3  Confidential Information and Highly Confidential Information.

4        The parties hereby agree that access to and use of such documents,
5  things and information shall be governed and limited by the provisions of this
6  Protective Order as set forth herein, subject to the approval of the Court.

7      **A.**    **DEFINITION OF CONFIDENTIAL INFORMATION**

8        1.    "Confidential Information," as used herein, means any type or
9  classification of information, whether it be a document, information contained in a
10 document, information revealed during a deposition, information revealed in an
11 interrogatory answer, or otherwise, which (i) is designated when it is produced as
12 "Confidential" by the supplying party, or (ii) which is designated by a receiving
13 party as "Confidential" by stating in writing the specific pages of the information to
14 be so designated, within twenty (20) business days after receipt of the information
15 for which the designation is proposed.  In designating information as Confidential
16 Information, the party so designating will make such designation only as to that
17 information which it believes contains secret, confidential, private, and/or
18 proprietary information and must be protected against disclosure to non-parties.
19 Each party shall exercise good faith in designating information as Confidential
20 Information.

21       2.    "Highly Confidential Information" as used herein, means any
22 type or classification of information, whether it be a document, information
23 contained in a document, information revealed during a deposition, information
24 revealed in an interrogatory answer, or otherwise, which (i) is designated when it is
25 produced as "Highly Confidential Information" by the supplying party, or (ii)
26 which is designated by a receiving party as "Highly Confidential Information" by
27 stating in writing the specific pages of the information to be so designated, within
28 twenty (20) business days after receipt of the information for which the designation

OHS West:260475102.1

is proposed.  In designating information as Highly Confidential Information, the party so designating will make such designation only as to that information which it believes contains confidential and private compensation and/or performance data of putative class members and must be protected against disclosure to non-parties or to individuals other than to those to whom the confidential and private compensation and/or performance data relates.  Each party shall exercise good faith in designating information as Highly Confidential Information.

**B.    PROCEDURE FOR DESIGNATING MATERIAL AS CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION**

1.    Confidential Information or Highly Confidential Information shall include all documents provided by a party which have been designated as confidential by marking the page:  "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION."  In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged.

2.    The identification of information as Confidential Information or Highly Confidential Information by a supplying party shall be made at a time when an answer to an interrogatory or an answer to a request for admission is served, when a copy of a document is provided to the other party, and when an inspection of premises or tangible things is made.

3.    The identification of information as Confidential Information or Highly Confidential Information by a receiving party shall be made in writing within twenty (20) business days of such receipt by stating in writing which specific pages are to be marked Confidential Information or Highly Confidential Information.  No Confidential Information or Highly Confidential Information may be read by anyone other than the individuals identified in section C1 or C2 below, during said twenty (20) business day period.  Every party shall in such cases mark every page so identified in his or her possession, custody or control with an

STIPULATION AND PROTECTIVE ORDER RE USE OF
CONFIDENTIAL DOCUMENTS AND INFORMATION
CASE NO. SACV 08-00015 CJC(RNBX)

appropriate marking identifying the information as Confidential Information or Highly Confidential Information.

4.      Information disclosed at a deposition may be designated as confidential by either (a) indicating on the record at the deposition that the testimony is Confidential Information or Highly Confidential Information and subject to the provisions of this Order or (b) by notifying the opposing party in writing within twenty (20) business days of the receipt of the transcript of those pages and lines or exhibits that contain Confidential Information or Highly Confidential Information.  No Confidential Information or Highly Confidential Information may be read by anyone other than attorneys for the named parties and their employees, experts and consultants, and the deponent during said twenty (20) business day period.  Upon being informed that certain portions of a deposition disclose Confidential Information or Highly Confidential Information, each party must cause each copy in their possession, custody or control to be so marked immediately.

5.      If any party believes that a document or other information, which has been designated as Confidential Information or Highly Confidential Information, should not properly be treated so designated within this protective order, that party will notify the disclosing party of its disagreement with the confidential designation.  Counsel for the parties will then endeavor to reach an agreement regarding the status of that document or information.  If no agreement can be reached, the party seeking to challenge the designation of the document shall file a motion for relief.  Until the Court resolves the motion, the document will be treated as designated subject to the terms of this protective order.  The provisions of this paragraph provide procedures in addition to, not in lieu of, compliance with Central District Local Rule 37.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**C.    QUALIFIED PERSONS WITH ACCESS TO CONFIDENTIAL INFORMATION**

1.    Information or material designated as "Confidential Information," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following Qualified Persons:

(a)    outside counsel of parties in this action and their related entities and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b)    parties and employees of the parties whose assistance to counsel is necessary for the purposes of this litigation, subject to and in compliance with Section D herein;

(c)    Consultants and experts retained or employed to assist the attorneys of named parties in the preparation of this litigation for trial, such as statisticians, economists, accountants, or other technical or legal experts or consultants, subject to and in compliance with Section D herein.

(d)    the Court;

(e)    court reporters and videographers employed in connection with this action;

(f)    graphics or design services retained by counsel for a party for the sole purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Section D herein;

(g)    non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Section D herein; and

(h)    any other person only upon order of the Court or upon prior

OHS West:260475102.1

- 6 -

1 | written consent of the party who designated the information or material

2 | confidential, subject to and conditioned upon compliance with Section D herein.

3 |       2.      Information or material designated as "Highly Confidential

4 | Information" or copies or extracts therefrom and compilations and summaries

5 | thereof, may be disclosed, summarized, described, characterized, or otherwise

6 | communicated or made available in whole or in part only to the following Qualified

7 | Persons:

8 |       (a)     outside counsel of parties in this action and their related entities

9 | and regular and temporary employees of such counsel to whom it is necessary that

10 | the information or material be shown for the purposes of this litigation, and

11 | defendant's in-house counsel;

12 |       (b)     Consultants and experts retained or employed to assist the

13 | attorneys of named parties in the preparation of this litigation for trial, such as

14 | statisticians, economists, accountants, or other technical or legal experts or

15 | consultants, subject to and in compliance with Section D herein;

16 |       (c)     the Court;

17 |       (d)     court reporters and videographers employed in connection with

18 | this action;

19 |       (e)     graphics or design services retained by counsel for a party for

20 | purposes of preparing demonstrative or other exhibits for deposition, trial, or other

21 | court proceedings in this action, subject to and conditioned upon compliance with

22 | Section D herein;

23 |       (f)     non-technical jury or trial consulting services retained by

24 | counsel for a party, subject to and conditioned upon compliance with Section D

25 | herein;

26 |       (g)     to the extent the Highly Confidential Information is an individual

27 | plaintiff's or putative class member's own private compensation or performance data,

28 | he or she may also have access to such information, subject to and conditioned upon

OHS West:260475102.1

1    compliance with Section D herein;

2           (h)    any other person only upon order of the Court or upon written

3    consent of the party who designated the information or material confidential,

4    subject to and conditioned upon compliance with Section D herein.

5           All persons listed in Section C1(b), (c), (f), (g) and (h) and in Section

6    C2(b), (e), (f), (g) and (h) above may be given access to information or material

7    designated as "Confidential Information" or "Highly Confidential Information"

8    provided that they first confirm their understanding and agreement to abide by the

9    terms of this Protective Order by completing and signing a copy of an undertaking

10   in the form attached hereto as Exhibit A.

11          3.    Any person may be examined as a witness during a deposition

12   concerning any information or material designated as "Confidential Information" or

13   "Highly Confidential Information" to which that person had lawfully received or

14   authored prior to and apart from this action.  During examination, any such witness

15   may be shown information or material designated as "Confidential Information" or

16   "Highly Confidential Information" by a party which appears on its face or from

17   other documents or testimony to have been received or authored by that witness

18   from, or communicated to that witness by, that same party or otherwise appears on

19   its face to contain information about which it appears reasonably likely that the

20   witness has discoverable information, provided that the examining party obtains the

21   witness' compliance with Section D.

22   **D.    RESTRICTIONS ON THE USE AND DISCLOSURE OF
        CONFIDENTIAL INFORMATION**

23

24          1.    Any information designated as Confidential Information shall

25   not be made available or disclosed to any person other than the Qualified Persons

26   identified in Section C.  Persons who, by virtue of the conduct of this litigation,

27   have knowledge of the designated Confidential Information or Highly Confidential

28   Information shall not suffer or permit its disclosure or that of any information

obtained, derived, compiled, or ascertained therefrom, to any person or persons not entitled under this Protective Order to receive such information.

2.      Disclosure of all items designated as Confidential Information or Highly Confidential Information in this action shall be solely for the purposes of this action, (i.e., *Coughlin v. Sears Holdings Corp. et al.*, United States District Court, Central District of California, No. SACV 08-00015 CJC (RNBx)) unless and until such designation is removed either by stipulation by attorneys for the named parties or by order of the Court.

3.      With respect to information designated as Confidential Information or Highly Confidential Information, no copies of documents, testimony, or other information shall be received, kept, or maintained by individuals other than the Qualified Persons as defined above.

4.      Any party wishing to file under seal any document or other item designated "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" shall present the document to the Court, along with a written application and a proposed order pursuant to Civil Local Rule 79-5.1.  The documents shall be submitted in an appropriate envelope labeled with the case name and number and the title of the documents.  All envelopes containing any Confidential Information or Highly Confidential Information which are submitted to the Court shall carry the following notation on the cover:

**CONFIDENTIAL - THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT AND MAY NOT BE EXAMINED OR COPIED EXCEPT IN COMPLIANCE WITH THAT ORDER.**

When applying to file any document under seal, or lodging a document under seal, the moving party shall also file a public version of the document with a redaction of the confidential material.

5.      In the event an attorney to this litigation seeks to show any documents or other information denominated as Confidential Information or Highly Confidential Information to anyone other than a Qualified Person, that attorney

1   shall first advise opposing counsel at least five (5) days in advance, and seek to
2   reach an informal resolution of such matters.  In the event that agreement cannot be
3   reached, the party seeking to show the Confidential Information or Highly
4   Confidential Information shall apply to the Court for relief from this Protective
5   Order.  The provisions of this paragraph provide procedures in addition to, not in
6   lieu of, compliance with Central District Local Rule 37.

7   **E.**     **NON-APPLICABILITY TO THE TRIAL OF THIS ACTION**

8          The terms of this Order shall continue to apply during the time period
9   in which the trial of this action occurs, but shall not apply to the trial itself, as all
10  decisions concerning the conduct of the trial shall be made by the trial judge.  Any
11  party may, at or before the time of trial, seek an order of the Court to restrict access
12  to particular documents or testimony in the trial.

13  **F.**     **NO ADMISSION OR WAIVERS**

14         The execution of this Order shall not:

15         1.     constitute a waiver of any party's right to seek from the Court at
16  a future time an order which provides greater, lesser or no restriction of access to
17  Confidential or Highly Confidential documents or information; or

18         2.     be construed as an admission or agreement that any document or
19  information designated as Confidential or Highly Confidential is, in fact,
20  confidential or otherwise entitled to any protective relief whatsoever.

21  **G.**     **INADVERTENT DISCLOSURE**

22         Any inadvertent production of documents containing privileged
23  information shall not be deemed a waiver of the attorney-client privilege, work
24  product doctrine, or any other applicable privilege or doctrines protecting against
25  disclosure of confidential information or other third party private information.  All
26  parties specifically reserve the right to demand the return of any and all privileged
27  documents that it may produce inadvertently during discovery if the producing
28  party determines that such documents contain privileged information.  After

STIPULATION AND PROTECTIVE ORDER RE USE OF
CONFIDENTIAL DOCUMENTS AND INFORMATION
CASE NO.  SACV 08-00015 CJC(RNBx)

1   receiving notice of such inadvertent production by the producing party, the

2   receiving party agrees to make reasonable and good faith efforts to immediately

3   locate and return to the producing party all such inadvertently produced documents.

4   Additionally, the receiving party agrees to identify all unqualified persons having

5   received all such inadvertently produced documents.  Additionally, the receiving

6   party agrees to identify all unqualified persons having received such inadvertently

7   produced documents.

8         **H.**     <u>**RETURN OF DOCUMENTS**</u>

9         1.     Unless a party requests that any documents containing such

10  Confidential Information or Highly Confidential Information (including any copies

11  thereof) be returned to that party, the parties shall destroy any such documents

12  produced to it by the other party within sixty (60) days of final termination of this

13  litigation.  Nothing in this paragraph would require a party to destroy its own

14  documents.

15        2.     In addition, within sixty (60) days of final termination of this

16  litigation, either party may file a motion requesting that any attorney work product

17  documents which incorporate or reference particular Confidential Information or

18  Highly Confidential Information pursuant to this Protective Order be:  (1)

19  destroyed; (2) redacted to delete all references to the Confidential Information or

20  Highly Confidential Information; and/or (3) sealed for a specified period of time

21  and subsequently destroyed.  The other party shall have the right to oppose that

22  motion, any other provision of this Stipulation and Protective Order

23  notwithstanding.  The Court shall retain jurisdiction after termination of this action

24  to hear any such motion and to enforce any order or ruling issued in connection

25  with such a motion.

26

27

28

Dated:            , 2008        LYNNE C. HERMLE
                               JOSEPH C. LIBURT
                               CHRISTIAN N. BROWN
                               KATINA M. MINER
                               ORRICK, HERRINGTON & SUTCLIFFE LLP

                               _____
                                        Christian N. Brown
                                       Attorneys for Defendants

Dated:            , 2008        LOUIS M. MARLIN
                               STANLEY D. SALTZMAN
                               MARLIN & SALTZMAN

                               _____
                                        Louis M. Marlin
                               Attorneys for Plaintiff and Proposed Class

Dated:            , 2008        ARNOLD W. SCHWARTZ
                               MARCUS J. BRADLEY
                               SCHWARTZ, DANIELS, & BRADLEY

                               _____
                                        Marcus J. Bradley
                               Attorneys for Plaintiff and Proposed Class

Dated:            , 2008        PETER M. HART
                               LAW OFFICES OF PETER M. HART

                               _____
                                        Peter M. Hart
                               Attorneys for Plaintiff and Proposed Class

                               **ORDER**

        **IT IS SO ORDERED.**

Dated:   <u>November 17, 2008</u>        _____
                                        Honorable Robert N. Block
                                       United States Magistrate Judge

OHS West:260475102.1                          - 12 -        STIPULATION AND PROTECTIVE ORDER RE USE OF
                                                           CONFIDENTIAL DOCUMENTS AND INFORMATION
                                                           CASE NO.  SACV 08-00015 CJC(RNBx)

EXHIBIT A

LYNNE C. HERMLE (State Bar No. 99779)
JOSEPH C. LIBURT (State Bar No. 155507)
CHRISTIAN N. BROWN (State Bar No. 233147)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:   (650) 614-7400 Fax: (650) 614-7401

Attorneys for Defendants
SEARS HOLDINGS CORPORATION and SEARS,
ROEBUCK AND CO.

LOUIS M. MARLIN (State Bar No. 54053)
STANLEY D. SALTZMAN (State Bar No. 90058)
MARLIN & SALTZMAN
3200 El Camino Real, Suite 100
Irvine, CA 92602
Telephone: (714) 669-4900 Fax:  (714) 669-4750

MARCUS J. BRADLEY
SCHWARTZ, DANIELS AND BRADLEY
29229 Canwood Street, Suite 208
Agoura Hills, CA 91301
Telephone: (310) 478-5838 Fax:  (310) 478-1232

PETER M. HART
LAW OFFICES OF PETER M. HART
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789 Fax: (310) 561-6441

Attorneys for Plaintiff TRACY COUGHLIN and
PROPOSED CLASS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY COUGHLIN, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEARS HOLDINGS CORPORATION, a corporation; SEARS, ROEBUCK AND CO., a corporation,<br><br>Defendants. | Case No.  SACV08-00015 CJC (RNBx)<br><br>**STIPULATION AND PROTECTIVE ORDER RE USE OF CONFIDENTIAL DOCUMENTS AND INFORMATION** |

1         I hereby certify that I have carefully read the Stipulation and Protective

2 Order Re Use of Confidential Documents and Information in the above-captioned

3 case, and that I fully understand the terms of the Court's Order.  I recognize that I

4 am bound by the terms of that Order, and I agree to comply with those terms.  I

5 hereby consent to be subject to the personal jurisdiction of the United States

6 District Court for the Central District of California in respect to any proceedings

7 relative to the enforcement of that Order, including any proceeding related to

8 contempt of court.

9         Dated this _____ day of _____, 200____.  Executed at

10 _____ (city and state).

11

12                              _____

13                              Print Name

14

15                              _____

16                              Signature

17

18 Name:

19 Affiliation:

20 Business Address:

21 Home Address:

22

23

24

25

26

27

28

OHS West:260475102.1